(75 South. 1001)

No. 20789.

CHEVALLIER v. J. F. BALL BROS. LUMBER CO., Limited.

(June 11, 1917.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ☞219(1)—INJURIES TO SERVANT—LIABILITY OF MASTER.

The master is not answerable in damages for personal injuries suffered by his servant from a situation of danger that was known to the servant, or obvious to any one of ordinary intelligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610, 624.]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by Joseph Cadd Chevallier against J. F. Ball Bros. Lumber Company. From judgment for defendant, plaintiff appeals. Affirmed.

George Wear, Jr., of Jena, for appellant. Blackman & Overton, of Alexandria, and J. C. Henriques, of New Orleans, for appellee.

O'NIELL, J. The plaintiff appeals from a judgment rejecting his demand for $15,500 damages for personal injuries.

He alleges that, while he was performing his duties as a night watchman, employed by the defendant company, he fell off of a platform or elevated dolly run. He contends that the defendant company was at fault in placing one of the boxes containing a key to his clock immediately over the edge of the platform or elevated dolly run, beside the door of a lumber drying shed, and in requiring him to visit the station in that dangerous place on his rounds at night. He alleges that the unsafe place at which the key box was located was made even more dangerous by certain employés of the defendant company leaving a pile of lumber at the edge of the platform or dolly run, and that, while he was trying to get the key from the box over the edge of the platform or dolly run, he stumbled over the pile of lumber, and fell to the ground, a distance of 15 feet. He alleges, in his petition, that he broke several ribs and several bones in his chest and suffered serious injury to his back.

The pile of lumber, which the plaintiff alleges he stumbled over, was 3 or 4 feet high, 2½ or 3 feet wide and 10 or 12 feet long. It was stacked along the edge of the dolly run, the end of the pile extending into the drying shed a distance of about 18 inches. The small iron box containing the key which the plaintiff had to reach was nailed against the wall, beside the door, on the outside of the drying shed, immediately over the outer edge of the pile of lumber. There was a very bright electric light just outside of the shed, showing the lumber pile and the key station as plainly as they would appear in daylight. The key in the station box, with which the plaintiff had to punch his clock, was attach-

ed to the inside of the box by a chain about 18 inches long. All that the plaintiff had to do was to reach over the pile of lumber, open the metal box, take out the key, and insert it into the clock that was hung to a strap about his neck. The evidence convinces us that the lumber pile afforded protection rather than danger to the plaintiff. It is certain that he did not stumble over the pile of lumber 3 or 4 feet high, 2½ or 3 feet wide, and 10 or 12 feet long.

In his testimony in chief he said that he lost his balance while he was leaning over the pile of lumber, trying to make the clock that was strapped about his neck or shoulder reach the key that was chained to the station box. He admitted that there was nothing to prevent his taking the clock strap off of his neck or shoulder, and that if he had done that, he could have reached the key very easily. We cannot understand why the plaintiff, in order to reach the key with his clock, even with the clock strap around his neck, had to lean so far over the pile of lumber, of the dimensions stated, as to lose his balance and fall over on the other side of the lumber pile. He had to reach only halfway over the pile of lumber to get the key into his clock without removing the strap from his neck.

On cross-examination, the plaintiff testified that he had abandoned his effort to make the key reach the clock without removing the strap from his neck, and was walking around the end of the pile of lumber to get to the key on the wall, when he fell off the edge of the platform or dolly run. If that version of the accident is true, the proximate cause of the injury was the plaintiff's failure to remember that he could make the clock reach the key on the wall by simply removing the clock strap from his shoulder, and without walking around the pile of lumber.

The employer is not responsible for an accident to his employé resulting from a situation of danger that was known to the employé or obvious to any one of ordinary intelligence.

It is consoling to note from the evidence that the injuries which the plaintiff suffered were not as serious as he thought they were when he swore to the truth of the allegations of his petition. He fell only 11 feet, landing in a soft spot, perhaps on a pile of sawdust, and did not break any ribs or other bones. He had the spinal curvature, referred to in the argument of his learned counsel, long before the accident.

The judgment appealed from is affirmed.

SOMMERVILLE, J., takes no part.